JAMIK BANKS | Pro Se
566 Parkside Ave Apt 11A
Brooklyn New York, NY 11226
Email: hoodcelebrities@aol.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| NAME OF PLAINTIFF(S) | ) Case No.: |
|---|---|
| JAMIK BANKS | ) **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| Plaintiff(s), | ) (Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) |
| vs. | ) DEMAND FOR JURY TRIAL |
| NAME OF DEFENDANT(S), | ) |
| TINA PINNOCK | ) 18 CV 11220 |
| HOODCELEBRITYY | ) |
| Defendant(s). | ) |

**JUDGE CARTER**

Plaintiff JAMIK BANKS also known as HoodCelebs, Hood Celebrity and Hood Celebrities (collectively as his D/B/A, "HOODCELEBS ") state the following for their Complaint against TINA PINNOCK ("HOODCELEBRITYY").

**I. INTRODUCTION**

1. For over 16 years, Plaintiff has manufactured, advertised, marketed, promoted, distributed, and sold music and apparel bearing its brands HOODCELEBS which is covered by a registered incontestable federal trademark registration and HOOD CELEBRITY and HOOD CELEBRITIES are protected by the common law.

2. HOOD CELEBRITY ™ HOOD CELBRITIES ™ , HOODCELEBS ® these trademark

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

names have been used in commerce since 2003 in association with plaintiff and his music brand which consists of music production, writers and performers. Plaintiff is an Artist and music producer that has worked with a plethora of music industry professionals, including Young Jeezy, Cam'ron, Dipset, The Wu-Tang Clan and others to date.

3.  Plaintiff has made notable use of his trademarks in the area of music, entertainment and the services provided in the field.

4.  Despite Plaintiffs 16 years use of the Trademarks in question without any disputes comes Defendant a new recording artist with a strikingly similar stage name (the name "Infringing"): HOODCELEBRITYY

5.  Defendant has had communication with Plaintiff before using the trademark HoodCelebrityy via their Instagram Accounts in which defendant asked Plaintiff if she could join forces with his production team. Defendant is not only a direct competitor, but shares some history with her Current Management company The KSR Group. Upon information and belief, The KSR Group is A Talent Management company that offers its services recording artists and athletes. Plaintiff Shares history with Josh X an Artist signed to The KSR Group. Josh X knows Plaintiff as Hood Celebrity and has known Plaintiff years before the signing of the Defendant to The KSR Group.

**AFFIDAVIT OF FACT (EXHIBIT A)**

6.  In short, the defendant is using the Trademarks HOODCELEBS, HOOD CELEBRITY in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of that Music Group / Brand. Defendants sale of the Infringing music and its releases is therefore unlawful and is causing irreparable harm to Plaintiffs brand.

7.  Plaintiff brings this action at law and in equity for trademark infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

common law. Among other relief, Plaintiff asks this Court to: (a) preliminarily enjoin Ms. Pinnock from distributing, marketing or selling music bearing a confusingly similar imitation of the name Mark HOOD CELEBRITY, as HOODCELEBRITYY Mark; (b) award Plaintiff monetary damages and to treble that award; (c) require Ms. Pinnock to disgorge all profits from sales of the Infringement's; and (d) award Plaintiff punitive damages, fees, and costs.

## II. PARTIES

8. Plaintiff Jamik Banks is a music producer and recording / performance artist having its Office and principal place of business at 566 Parkside Ave Apt 11A Brooklyn NY 11226. Plaintiff directs all United States-based operations on behalf of his Marks HOOD CELEBS, HOOD CELEBRITY including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for HOOD CELEBRITY, HOOD CELEBRITIES AND HOOD CELEBS - branded merchandise, including goods bearing the HOOD CELEBS Mark.

10. On information and belief, Tina Pinnock also known as HOODCELEBRITYY defendant. is an individual residing in the Bronx NY at an address unknown to Plaintiff. On information and belief Defendants attorney is Bruce R. Ewing of Dorsey & Whitney LLP last known address is 51 West 52nd Street New York, NY 10019-6119-

11. On information and belief, Tina Pinnock manufactures, distributes, markets, and sells Music And Entertainment services and merchandise under the Infringing mark and has entered into Multiple agreements to exploit the infringing mark on a greater scale.

## III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiffs related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

13. This Court has personal jurisdiction over defendants because, on information and

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

belief, (a) defendants have marketed, distributed, offered for sale, and/or sold music, entertainment services and products under the Infringing Mark. persons within the State of New York; (b) Defendants regularly transacts and conducts business within the State of New York; and/or (c) Defendants has otherwise made or established contacts within the State of New York sufficient to permit the exercise of personal jurisdiction.

14. The District of New York is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiffs claims occurred in this District.

### IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiff is currently, and for years has been a music producer and music entertainer. Over sixteen (16) years ago, Plaintiff first produced music for notable entertainers including but not limited to Dipset, Cam'ron, Juelz Santana, WU-Tang Clan, RZA, Ghostface Killa, Young Jeezy, Fabolous and a catalogue of other notable acts to date.

16. At least as early as 2003, Plaintiff began using the Hood Celebrity and HoodCelbs Mark on Clothing, Hats and Promotional Vehicles used to promote the brands. Merchandise sold in the United States and worldwide. The HoodCelebs, Hood Celebrity and Hood Celebrities Mark quickly came to signify the quality and reputation of Plaintiffs music career.

17. Plaintiff is the owner of a federal trademark registration, Reg. No. 4288507 issued by the United States Patent and Trademark Office ("PTO") on February 12th, 2013, for the HOODCELEBS Mark, as depicted below, for Hood Celebrity and Hood Celebrities. This registration is incontestable. A copy of the Certificate of Registration for this mark is attached as Exhibit 2.

### FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement)

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

- Defendant's use of a confusingly similar imitation of plaintiffs Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

- Defendant's Infringing Brand Mark is confusingly similar to plaintiffs federally registered marks in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to plaintiffs goodwill and reputation as symbolized by plaintiffs Mark, for which Plaintiff has no adequate remedy at law.

- Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiffs Mark to plaintiffs great and irreparable harm.

- Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition)**

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

- Defendant's use of a confusingly similar imitation of plaintiffs Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

- Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to plaintiffs goodwill and reputation

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

as symbolized by plaintiffs Mark, for which Plaintiff has no adequate remedy at law.

- Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiffs Mark to the great and irreparable injury of Plaintiff.

- Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution of the Mark)

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

- For years, Plaintiff has exclusively and continuously promoted and used the Mark, both in the United States and throughout the world. The Mark became well-known symbol of Plaintiff and plaintiffs products and services well before Defendant began using the Infringing Brand and Mark or offered such for sale.

- Defendant is making use in commerce of the Infringing Mark, which dilutes and is likely to dilute the distinctiveness of plaintiffs Mark by eroding the public's exclusive identification of this mark with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish plaintiffs goods.

- Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiffs Mark or to cause dilution of the mark to the great and irreparable injury of Plaintiff.

- Defendant has caused and will continue to cause irreparable injury to plaintiffs goodwill and business reputations, and dilution of the distinctiveness and value of plaintiffs well known and distinctive Mark in violation of 15 U.S.C. § 1125(c). Plaintiff therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

1  attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

- Defendant has been and is passing off its goods as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

- Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, et seq. (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

- Defendant's unauthorized use of a confusingly similar imitation of plaintiffs Mark has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

- Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

- On information and belief, Defendant acted with full knowledge of plaintiffs use of, and statutory and common law rights to, plaintiffs Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

- Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with plaintiffs Mark to the great and irreparable injury of Plaintiff.

- As a result of Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of plaintiffs Mark, and the need to deter Defendant from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

- Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

- Plaintiff has extensively and continuously promoted and used the Mark throughout the United States, and the Mark became a distinctive, famous, and well-known symbol of plaintiffs goods well before Defendant began using the Infringing Brand, Mark or offering the Infringing Mark for sale.

- Defendant's conduct dilutes and is likely to dilute the distinctiveness of plaintiffs Mark by eroding the public's exclusive identification of this mark with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

1 lessening the capacity of the mark to identify and distinguish plaintiffs goods.

2
• Defendant is causing and will continue to cause irreparable injury to plaintiffs goodwill and
3
business reputation and dilution of the distinctiveness and value of plaintiffs famous and distinctive
4 mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-
5 dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska,
6 ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01
7 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF.
8 CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN
9 § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA.
10 STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii,
11 HAW.
12 REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009);
13 Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN.
14 § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN.
15 § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV.
16 STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H,
17 § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS.
18 CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009);
19 Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87- 140
(Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT.
20
ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico,
21
N.M. STAT.
22
ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law
23
§ 360-1 (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I.
24
GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee,
25 TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN.
26 § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV.
27 CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009);
28 and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

- Plaintiff, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

- Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

- advertising, marketing, promoting, offering for sale, distributing, or selling music or any other service in the area of sound recording and entertainment;

- using the Infringing Mark on or in connection with any of Defendant's goods;

- using the Mark or any other copy, reproduction, colorable imitation, or simulation of plaintiffs Mark on or in connection with Defendant's goods;

- using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of plaintiffs trademarks, trade dresses, names, or logos;

- using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

- using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of Plaintiffs trademarks, trade dresses, names, or logos;

- passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Complaint; and

- advertising, promoting, offering for sale, or selling the Infringing Mark or other similar Goods.

- Defendant be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Infringing music releases, or any other goods bearing the Infringing Brand Mark or any other a confusingly similar imitation of plaintiffs Mark that are in Defendant's possession or have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

- Defendant be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendant that are found to adopt, infringe, or dilute any of plaintiffs trademarks or that otherwise unfairly compete with Plaintiff and its products;

- Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of the Infringing mark;

- Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

- Based on Defendant's knowing and intentional use of a confusingly similar imitation of the Plaintiff Mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

- Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

- Based on Defendant's willful and deliberate infringement and/or dilution of the Plaintiff

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

- Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

- Plaintiff be granted such other and further relief as the Court may deem just.

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

DATED: DECEMBER 3RD 2018

JAMIK BANKS
In Pro Se

566 Parkside Ave Apt 11A
Brooklyn New York NY 11226

**COMPLAINT FOR TRADEMARK INFRINGEMENT**