UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIK BANKS,

                            Plaintiff,

            - against -

TINA PINNOCK P/K/A HOODCELEBRITYY,
SONY MUSIC ENTERTAINMENT,
KSR GROUP, LLC,

                            Defendants.

Civil Action No.:  18-cv-11220 (ALC)

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties to this action anticipate the disclosure and/or exchange of

business and financial information and documents in connection with the above

captioned matter, which information and documents are treated as confidential by the

parties; and

WHEREAS, the parties mutually desire that a protective order limiting use,

access to, and disclosure of such information and documents be entered, it is hereby

STIPULATED AND AGREED by the undersigned attorneys, subject to the

Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the

following provisions shall govern the production or exchange of documents and other

materials in connection with this action:

1. "Protected Information," as used herein, means any information of any type,

kind, or character that is designated as "CONFIDENTIAL" by any of the supplying or

receiving parties, whether it be a document, information contained in a document,

information revealed during a deposition, information revealed in an interrogatory answer

or otherwise. In designating information as CONFIDENTIAL, a party will make such designation only as to information that it in good faith believes contains Protected Information. Information or material which is available to the public, including but not limited to catalogues, brochures, advertising materials, other public communications and the like shall not be protected.

2. "Producing Party" or "Designating Party" shall mean a party to this action or a third party (including counsel for the party or third party) who requests the protections provided by this Order, and who is producing Protected Information pursuant to any discovery request, subpoena, or otherwise.

3. "Receiving Party" or ''Non-Designating Party" shall mean the party who is the recipient of Protected Information supplied by the Producing Party or Designating Party.

4. "Outside Counsel of Record" shall mean the undersigned counsel who have executed this Order.

5. Any Protected Information may be designated by the Producing Party and marked CONFIDENTIAL at the time of production or disclosure. Protected Information as used in this Order shall refer to the original and copies of any so designated documents, testimony or other discovery material. All notes, extracts and summaries of materials marked CONFIDENTIAL shall be considered Protected Information and be subject to the terms of this Order. Material designated as CONFIDENTIAL shall be limited to all material that the Designating Party determines in good faith constitutes, contains, reveals, reflects, or discloses confidential, personal, proprietary or commercially sensitive information that has not been disclosed to the public and that the Designating Party has treated as confidential in the ordinary course of business, such as, and by way

of example only, revenue and sales information, cost information, other financial and

business information, internal marketing-related communications, internal email

communications, etc.

      7. Any Protected Information designated CONFIDENTIAL may only be

disclosed to:

a.     Outside Counsel of Record for the parties, including, but not limited to, lawyers and support staff as reasonably necessary for the prosecution of the case;

b.     The parties, and their officers, directors, employees, attorneys and consultants only to the extent necessary to assist in the prosecution or defense of claims asserted in this litigation;

c.     Non-party experts or other litigation support personnel who are expressly engaged by Outside Counsel of Record, or the parties to provide expert testimony or to assist in discovery and/or preparation for trial, with disclosure only to the extent necessary to perform such work, and provided such person has agreed in writing to abide and be bound by the terms of this Protective Order;

d.     Any other person as to whom the Designating Party consents in writing;

e     The Court and Court reporters employed in connection with this action, including, outside stenographic court reporters, videographic court reporters, and language translators (including support staff as reasonably necessary); and

f.     Employees of an independent commercial service providing copying, coding, digitizing and/or trial support services at the direction of Outside Counsel of Record.

      8.    Notwithstanding any other provision of this Stipulation and Order:

a.     A party or present employee of a party may be examined and may testify, at deposition, a hearing or trial, concerning any Protected Information produced by that party;

b.     A former employee of a party may be examined and may testify, at deposition, a hearing or trial, concerning any Protected Information produced by that party that pertains to the period or periods of his or her employment by that party and a reasonable period of time thereafter;

c.  A present or former consultant to a party (other than a non-testifying litigation consultant) may be examined and may testify, at deposition, hearing or trial, concerning any Protected Information produced by that party that pertains to the period or periods of his or her consultation by that party and a reasonable period of time thereafter; and

d.  Any person may be examined and may testify, at deposition, hearing or trial, concerning any document containing Protected Information of a Producing Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to such person.

9. In the event of any disclosure of Protected Information, other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the Producing Party of the facts and circumstances of such disclosure, including the identity of the unauthorized recipient(s) and the specific information disclosed to such person(s), and shall make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed material and copies of such materials and making good faith efforts to have all unauthorized persons to whom disclosure was made agree in writing to abide and be bound by the terms of this Protective Order.

10. No designation of documents, including the papers served and/or filed in this action, as Protected Information shall be effective unless there is placed or affixed on each designated page of such material one of the following markings prior to its production: CONFIDENTIAL (or in the case of electronic versions of spreadsheets and other documents, such designation may be made on the physical media (e.g., CD Rom disc) containing such electronic version). In the event that a Producing Party mistakenly or inadvertently fails to stamp or otherwise designate a document or other information as Protected Information at the time of its production, it may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall mark the

4

document or information in the manner requested by the Producing Party, or at the Producing Party's option, shall destroy the document or information and replace it with a substitute, marked copy provided by the Producing Party, and thereafter treat the document or information in accordance with such marking. The Receiving Party and other authorized recipients of such information shall not be responsible for any otherwise proper actions it took with respect to such information before receiving notice of the designation.

11. Portions of deposition transcripts may be designated as Protected Information by any party to this action or by a third-party witness by written notice to all counsel of record within fifteen (15) business days after the person wishing to make the designation receives the transcript. Pending the expiration of said fifteen (15) days, all parties and persons shall presumptively treat the entire deposition transcript as CONFIDENTIAL material. If no portions of the transcript are designated as Protected Information within said fifteen (15) days, the transcript shall be considered not to contain any Protected Information, except for designations inadvertently omitted, which may be corrected as set forth in paragraph 10 above. Outside Counsel of Record for each party shall be responsible for marking the designated portions of copies of the transcript in their possession with the appropriate designation if written notice is provided within said fifteen (15) days.

12. All information subject to the provisions of this Protective Order, including deposition transcripts and papers filed or lodged with the Court, shall be designated as Protected Information and filed under seal according to the rules for the United States District Court for the Southern District of New York.

13. Persons receiving Protected Information under this Order shall not use such Protected Information for any purpose other than for purposes of this action and shall not disclose such Protected Information to any person not specified in paragraph 7 hereof, as applicable, without prior written consent of the Designating Party or further order of this Court. Outside Counsel of Record in this action and the parties hereto shall take reasonable steps necessary to maintain such Protected Information in confidence and prevent persons from using, disclosing, or recording the Protected Information for any other purpose.

14. This Order shall be without prejudice to the right of any party to bring before this Court at any time the question of whether any particular information is properly designated. The burden of proving that information is properly designated pursuant to this Order shall be on the Designating Party.

15. Nothing herein shall be construed to limit in any way a party's use of its own Protected Information.

16. This Order is intended to provide a mechanism for the handling of Protected Information where there is no objection to its disclosure or production other than on grounds of confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems Protected Information on any other ground it may deem appropriate.

17. Any party may move for relief from, or modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

18. Nothing in this Order shall preclude any party to this action, its attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or materials not obtained in discovery in this lawsuit, even though the same information or materials may have been produced in discovery in this lawsuit and designated as Protected Information, if that information or material:

a.    Was, is, or becomes public knowledge, not in violation of this Order;

b.    Is acquired by the Non-Designating Party from a third party having the right to disclose such information or material; or

c.    Was lawfully possessed by the Non-Designating Party prior to disclosure by the Producing Party.

19. This Order is intended to regulate the handling of Protected Information during the pendency of this action, but shall remain in full force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by Order of the Court.  At the conclusion of this proceeding, including all appeals:

a.    Each party shall turn over to its Outside Counsel of Record all Protected Information produced by the Designating Party, and Outside Counsel of Record also shall take reasonable steps to reclaim any such material from anyone else known to have received copies thereof (excluding the Court and Court Reporters involved in this action); and

b.    Within sixty (60) days after the conclusion of this captioned proceeding, including all appeals, each party's Outside Counsel of Record shall return to Outside Counsel of Record for the Designating Party all materials designated as CONFIDENTIAL, or shall destroy all such materials and certify in writing to Outside Counsel of Record for the Designating Party that such destruction has taken place. Notwithstanding this provision, each party's Outside Counsel of Record may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information.  Any such archival copies that contain or constitute Protected Information remain subject to this Order.

20. The Parties shall take reasonable steps to prevent disclosure of information covered by the attorney-client privilege or work product doctrine.  The inadvertent

7

disclosure of such information shall not operate as a waiver if the Producing Party, upon learning of the inadvertent production, promptly notifies the Receiving Party in writing of the information of the claim of privilege or protection and the basis for it. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.

21. The provisions of this Order shall be applicable to non-parties who produce Protected Information in response to a subpoena, and who in good faith believe that such material contains Protected Information.

Dated: January 27, 2020

By: _____

Bruce R. Ewing
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9200

*Attorneys for Defendants Tina
Pinnock p/k/a HoodCelebrityy,
Sony Music Entertainment and
KSR Group LLC*

By: _____ By: _____ (w/permission)

Jared B. Stamell
Andrew R. Goldenberg
STAMELL & SCHAGER, LLP
260 Madison Avenue, 16th Floor
New York, New York 10006
(212) 566-4047

*Attorneys for Plaintiff Jamik Banks*

IT IS SO ORDERED this 29 day of ___January___, 2020.

_____

Ona T. Wang
U.S. Magistrate Judge

9